**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

February 27, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Rene Antonio Benitez v. Genalo, et.al*. No. 26-CV-1122 (Bulsara, J.)

Dear Judge Bulsara:

This Office, on behalf of the Respondents respectfully submits this letter and accompanying Declaration in response to the Court's February 26, 2026 Order and in response to the Petition (Docket Entry #1) of Rene Antonio Benitez ("Petitioner") for release from custody by Immigration and Customs Enforcement ("ICE").

The legal issues presented in this action concern whether Petitioner's detention violates his procedural and substantive due process rights, and the Administrative Procedure Act, 5 U.S.C. § 701 et. seq ("APA"). Petitioner principally seeks an order from this Court directing ICE to immediately release him from detention.

**Petitioner's Current Location**:

Petitioner has been assigned A number 241-102-222. He was arrested on February 26, 2026and transferred to the Central Islip Holding Room ("CIHR"), 535 Federal Plaza, Central Islip, New York, and held there from approximately 8:35 a.m to 2:45 p.m. that day. He was then transferred to Nassau County Correctional Center ("NCCC") and currently remains at NCCC.

Attached to this letter are the Declaration of Detention and Deportation Officer Geraldo Paoli, dated February 27, 2026, the Form I-200, Warrant of Arrest, dated February 26, 2026 and the Form I-862, Notice to Appear, dated February 26, 2026. Both forms were served on Petitioner. The statutory basis for detaining Petitioner is 8 U.S.C. § 1225(b)(2)(A).

**Discussion Regarding the Merits of the Petition[1]**

The statutory basis for detaining Petitioner is 8 U.S.C. § 1225(b)(2)(A). In sum and substance, Petitioner alleges that his detention violates his due process rights and his detention violates the INA because he is subject to 8 U.S.C. § 1226, not 8 U.S.C. § 1225. As noted, this Court has already resolved nearly identical claims in prior cases.

Respondents are aware of this Court's decisions in similar matters. *See for e.g., Gopie v. Lyons, et. al.*, 2025 WL 3167130 (E.D.N.Y. November 13, 2025) (Bulsara, J.) and *Rodriguez-Acurio v. Noem, et.al.*, 2025 WL 3314420 (E.D.N.Y. November 28, 2025) (Choudhury, J.) While Respondents respectfully disagree with the Court's assessment of the § 1225/§ 1226 issue, they acknowledge that, in view of that assessment, Respondents cannot prevail in this action. Thus, to conserve judicial resources and to expedite the Court's consideration of this case, the government respectfully adopts its previous arguments in *Gopie* and *Rodriguez-Acurio* and submits that the Court can decide this matter without further briefing or a hearing. However, should the Court prefer to receive a memorandum of law in this matter, Respondents will file such a brief upon the Court's request. Notwithstanding their submission of this letter in lieu of a formal brief, Respondents reserve all rights, including the right to appeal.

On February 6, 2026, the Court of Appeals for the Fifth Circuit issued an opinion that, while not binding on this Court, held that the government's interpretation of 8 U.S.C. § 1225 was correct. *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In this Circuit, a number of district court judges (albeit a minority) have ruled in the government's favor on this issue. *See Saamishvili v. Flanagan, et al.*, No. 25-cv-6178, 2026 WL 377574 (E.D.N.Y. Feb. 11, 2026)(Cogan, J.), *appeal filed* Feb. 12, 2026; *Chen v. Almodovar*, 25-cv-9670, 2026 WL 100761, at *8-9 (S.D.N.Y. Jan. 14, 2026) (Cronan, J.); *Weng v. Genalo et al.*, No. 25-cv-09595, 2026 WL 184627, at *1 (S.D.N.Y. Jan. 23, 2026) (Rearden, J.); *Candido v. Bondi*, 25-cv-867, 2025 WL 3484932, at *2 (W.D.N.Y. Dec. 4, 2025) (Sinatra, J.); *Chen v. Almodovar, et al.*, No. 25-cv-8350, 2025 WL 3484855, at *7 (S.D.N.Y. Dec. 4, 2025) (Vyskocil, J.), notice of appeal filed Dec. 16, 2025; *Liang v. Almodovar*, No. 25-cv-9322, 2025 WL 3641512, at *8 (S.D.N.Y. Dec. 15, 2025) (Vyskocil, J.), notice of appeal filed Jan. 15, 2026. In addition to pending appeals by petitioners regarding the denials of habeas petitions as noted above, the Government has affirmatively appealed the grant of a habeas petition in *Cunha v. Moniz*, 25-cv-6532 (W.D.N.Y. Nov. 25, 2025) (concluding, *inter alia*, that Section 1226(a), not Section 1225(b)(2)(A), applied), *notice of appeal* filed Dec. 11, 2025, No. 25-3141 (2d Cir.). The *Cunha* appeal is proceeding on an expedited track and is scheduled to be fully briefed by March 3, 2026.

---

[1] This Office notes that it filed similar letters as this with Your Honor in several other matters, including, *inter alia*, *Flores-Linares v. Bondi, et. al.*, No. 26-298 (SJB) on January 20, 2026; *Argueta v. Francis, et.al.*, 26-CV-408 (Bulsara, J.) on January 26, 2026; *Delarca-Avila v. Bondi, et al.*, No. 26-cv-0543 (Bulsara, J.), on February 2, 2026; *Rivera Orellana v. Noem, et al.,* No. 26-cv-0574 (Bulsara, J.), on February 3, 2026; *Romero v. Bondi, et.al.* 26-796 (Bulsara, J.) on February 13, 2026. *Sandoval v. LaRocco, et al.,* No. 26-cv-00832 (Bulsara, J.) on February 13, 2026; and *Magana v. Joyce, et.al.* No. 26-CV-835 (Bulsara, J.) on February 13, 2026.

As to Petitioner's APA claims and to the extent Petitioner alleges any violations of INA claims, these statutes are not the proper vehicle for Petitioner's claims arising out of his detention, which drives this suit. In *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025), in which claims including due process claims were brought under the APA, the INA and various habeas provisions, the Supreme Court held that where the claims for relief, as here, "necessarily imply the invalidity of their confinement," regardless of whether he requests release from confinement, those claims "fall within the 'core' of the writ of habeas corpus and must be brought in habeas." The Supreme Court's holding is consistent with well-established law that habeas is generally the only possible district court vehicle for challenges brought pursuant to immigration statutes. *Id.* (citing *Heikkila v. Barber*, 345 U.S. 229, 234-35 (1953)). All the claims in this suit constitute a core habeas claim — though they fail for the reasons discussed above—and are not cognizable under the INA or the APA. Further, by the APA's terms, it is available only for agency action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Thus, Petitioner's APA claims are independently barred by this limitation. As noted by Justice Kavanaugh's concurrence in *J.G.G.*, "given 5 U.S.C. § 704, which states that claims under the APA are not available when there is another adequate remedy in court, I agree with the Court that habeas corpus, not the APA, is the proper vehicle here." *J.G.G.*, 604 U.S.at 674 (Kavanaugh, J. concurring). Here, as in *J.G.G.*, habeas is an "adequate remedy" through which Petitioner can challenge his detention.

To the extent that Petitioner's Fourth Amendment claim is construed as arising directly under the Fourth Amendment, and not under the APA, the claim fails because his civil detention was a reasonable and lawful exercise of federal immigration authority. As the Supreme Court recognized in *Abel v. United States*, 362 U.S. 217 (1960), administrative arrests for deportation have a long-standing statutory history and are distinct from arrests for criminal offenses. The Supreme Court held that that "[s]tatutes authorizing administrative arrest to achieve detention pending deportation proceedings have the sanction of time. It would emphasize the disregard for the presumptive respect the Court owes to the validity of Acts of Congress, especially when confirmed by uncontested historical legitimacy, to bring into question for the first time such a long-sanctioned practice of government at the behest of a party who not only did not challenge the exercise of authority below, but expressly acknowledged its validity." *Abel*, 362 U.S. at 230. Petitioner's arrest was not a criminal arrest requiring a judicial warrant or probable cause of a new crime; rather, it was a civil, administrative arrest carried out pursuant to the broad authority granted by Congress to enforce the nation's immigration laws.

Accordingly, Respondents have no objection to the Court deciding the petition on the submissions in lieu of a hearing.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/ Diane C. Leonardo
Diane C. Leonardo
Assistant U.S. Attorney
(631) 715-7854
diane.beckmann@usdoj.gov

cc: Counsel of record by ECF

4