UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RENE ANTONIO BENITEZ,

                Petitioner,

      v.                                            **ORDER**
                                                          26-CV-1122-SJB
KENNETH GENALO et al.,

                Respondents.
-----------------------------------------------------------------X

**BULSARA, United States District Judge:**

      Petitioner Rene Antonio Benitez ("Petitioner") has lived in the United States for 14 years, and was arrested on February 26, 2026, by U.S. Immigration and Customs Enforcement ("ICE") officers. (Pet. for Writ of Habeas Corpus filed Feb. 26, 2026 ("Pet."), Dkt. No. 1 ¶¶ 8–9; Resp'ts' Letter filed Feb. 27, 2026 ("Resp'ts' Letter"), Dkt. No. 6 at 1). He filed this Petition while detained in Nassau or Suffolk County that same day. (Pet. ¶ 11; Resp'ts' Letter at 1; Decl. of Geraldo Paoli dated Feb. 27, 2026 ("Paoli Decl."), attached to Resp'ts' Letter as Attach. 1, Dkt. No. 6-1 ¶ 7). Respondents identify no criminal history associated with Petitioner, and he has not been issued a final order of removal. (*See* Paoli Decl. ¶ 5 (noting Petitioner was placed into removal proceedings on the date of his arrest and has an upcoming master calendar hearing)). For the reasons explained below, the writ is provisionally granted.

      The Government has filed an opposition to Petitioner's writ that suggests that the sole basis for Petitioner's detention is 8 U.S.C. § 1225, (Resp'ts' Letter at 1), despite the fact that Petitioner has been in the United States for 14 years, (Pet. ¶ 8). The Government's position is that someone is subject to removal and detention under

Section 1225(b)(2), as someone who is "seeking admission" to the United States, notwithstanding that they have been living here for months, if not years. The vast majority of courts in this District have rejected this argument. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 490–91 (S.D.N.Y. 2025) ("[T]he line historically drawn between sections 1225 and 1226, which mak[es] sense of their text and the overall statutory scheme, is that section 1225 governs detention of non-citizens seeking admission into the country, whereas section 1226 governs detention of non-citizens already in the country. . . . This Court has similarly been unable to identify any authority to support Respondents' expansive interpretation of § 1225(b)." (quotations omitted)); *Padilla Molina v. DeLeon*, No. 25-CV-6526, 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) ("This Court agrees with Petitioner that he is detained subject to Section 1226, not Section 1225. In so holding, the Court joins the hundreds of district court decisions that have rejected Respondents' expansive interpretation of Section 1225 as inconsistent with the plain text and overall structure of the INA.") (collecting cases); *Ulloa Montoya v. Bondi*, No. 25-CV-6363, 2025 WL 3718694, at *3 (E.D.N.Y. Dec. 23, 2025) (same); *Rodriguez-Acurio v. Almodovar*, -- F. Supp. 3d --, No. 25-CV-6065, 2025 WL 3314420, at *23 (E.D.N.Y. Nov. 28, 2025) ("[T]he administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed—has been challenged in at least 362 cases in federal district courts. The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United

States." (quoting *Barco Mercado v. Francis*, -- F. Supp. 3d --, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025))).

Respondents concede that before this Court they have no new arguments to present to warrant the detention of this Petitioner, except the recycled arguments that have been rejected in the vast majority of cases in this District, and as such "cannot prevail in this action." (Resp'ts' Letter at 2). Respondents submit that the Court can decide this matter without further briefing. (*Id.*).

The Court incorporates the reasoning of judges in this District and its sister courts and grants the writ—because at its core, detention under Section 1225 violates due process guarantees and is inapplicable and inappropriate for individuals who have lived in the United States as long as Petitioner has.[1]

The writ is provisionally granted. Respondents are directed to effectuate Petitioner's release by **February 27, 2026 at 8:00 P.M.** and file a letter on the docket confirming Petitioner's release by that time. Respondents are enjoined from detaining

---

[1] There are two separate troubling issues in this case. First, the declaration provided suggests the possibility that ICE issued and served Petitioner with a Notice to Appear ("NTA"), placing him into removal proceedings, after he had been arrested. (Paoli Decl. ¶¶ 4–5). The Court notes that the post-arrest issuance of an NTA may raise an independent basis for granting the writ, but does not reach the issue here. *See Gopie v. Lyons*, No. 25-CV-5229, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025). And second, the declaration suggests that Petitioner was served with an I-200 arrest warrant after he was arrested. (Paoli Decl. ¶ 6 ("On the same date as the arrest, a Form I-200 was issued whereupon Petitioner was arrested and detained[.]")). So, while the Court notes that 8 C.F.R. § 1236.1 provides, in relevant part, "[a]t the time of issuance of the notice to appear, or at any time thereafter . . . the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest," 8 C.F.R. § 1236.1(b), it does not reach the issue of whether an after-the-fact arrest warrant can justify detention under that regulation.

3

Petitioner absent further direction from this Court. Respondents may not use ICE ankle monitors or similar technology to monitor Petitioner, because the Court has granted the writ, and is not resolving this petition on an intermediate basis by imposing bail conditions.

Because the Court has serious concerns about the legal basis to detain Petitioner in the first instance, including the use of pretextual and unconstitutional stops, ongoing abuse of the NTA and arrest warrants process, *supra* n.1, and the legality of the Government's announced use of administrative, non-judicial warrants in this context, the Court will hold a hearing in this case on **March 4, 2026 at 10:00 A.M.** Petitioner is not required to attend; Petitioner's counsel must attend. Counsel for the Government must attend, along with the following ICE officers, who should be prepared to testify under oath: Geraldo Palo and the Officer identified as "J 10425 Chacon."

Separately, Respondents are directed to provide a letter by **March 3, 2026 at 5:00 P.M.** explaining why the Court should not begin contempt proceedings against Respondents and their counsel. This Court issued its decision in *Gopie v. Lyons* on November 13, 2025, several months ago, pointing out the illegality of issuing after-the-fact warrants and NTAs to justify detention of individuals. But as Respondents' letter indicates, that was done in this case. And the many cases that have come before the undersigned and other District Judges of this Court, the practice has continued unabated. Respondents must explain why they have continued to engage in these illegal practices, and the legal justification for so doing. The Court will determine after

4

the letter submission whether to commence contempt proceedings and in the alternative, what additional relief should be issued in this and other cases.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:  February 27, 2026
       Central Islip, New York